NO. 07-04-0542-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

SEPTEMBER 29, 2005

_____

PRESTON WOOD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF ARMSTRONG COUNTY;

NO. 1031; HONORABLE HAL MINER, JUDGE

_____

Before QUINN, C.J., and REAVIS, JJ, and BOYD, S.J.[1]

**ABATEMENT AND REMAND**

Following a not guilty plea, a jury convicted appellant Preston Wood of indecency

with a child and punishment was assessed at 20 years confinement and a $10,000 fine.

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

Sentence was imposed on October 26, 2004. The reporter's record was filed on December 20, 2004, and the clerk's record was filed on March 30, 2005.

Appellant is incarcerated, and his brief was originally due on April 29, 2005. Two extensions of time were granted, and then by letter dated July 6, 2005, a third extension was granted but a request to order the court reporter to prepare a supplemental reporter's record from a previous trial that resulted in mistrial was denied. After the third briefing deadline expired, by order dated August 29, 2005, the court reporter was granted an extension of time to file the supplemental record to September 8, 2005, if authorized by the trial court, and a fourth extension of time to file appellant's brief was granted to September 19, 2005. Appellant was notified that failure to timely file the brief would result in the appeal being abated and the caused remanded for further proceedings.

On September 19, 2005, the court reporter forwarded to this Court a copy of a letter to appellant's counsel dated September 15, 2005, indicating she was still awaiting instructions on what portions of the record to prepare. The reporter also communicated to the Clerk of this Court that as of September 27, 2005, she had not received any response from counsel. Also, no action has been taken by counsel in this Court since August 15, 2005. The supplemental reporter's record and appellant's brief remain outstanding. Thus, we now abate the appeal and remand the cause to the trial court for further proceedings pursuant to Rules 37.3(a)(2) and 38.8(b).

Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1. whether appellant desires to prosecute the appeal;

2. whether appellant is entitled to a free supplemental reporter's record of a trial that resulted in mistrial, and if so, whether counsel has requested preparation; and

3. when counsel anticipates filing of appellant's brief given the lapse in time since the appeal was perfected on November 19, 2004.

The trial court shall cause a hearing to be transcribed. Should it be determined that appellant does want to continue the appeal and is indigent, then the trial court shall also take such measures as may be necessary to assure appellant effective assistance of counsel. Finally, the trial court shall execute findings of fact, conclusions of law, and such orders as the court may enter regarding the aforementioned issues and cause its findings and conclusions to be included in a supplemental clerk's record. A supplemental record of the hearing shall also be included in the appellate record. Finally, the trial court shall file the supplemental clerk's record and the supplemental reporter's record with the Clerk of this Court by Friday, October 28, 2005.

It is so ordered.

Per Curiam

Do not publish.